UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRISTOPHER GARY BAYLOR,**

        **Plaintiff,**

v.   Case No:  6:20-cv-342-Orl-41DCI

**HENNEPIN COUNTY DISTRICT COURT, RAMSEY COUNTY COURT OF APPEALS, RAMSEY COUNTY SUPREME COURT and DOES 1 THROUGH 15,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Motion to Proceed In Forma Pauperis (Doc. 2)** |
| **FILED:** | **February 27, 2020** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

On February 27, 2020, Plaintiff, proceeding *pro se*, filed a complaint against Defendants Hennepin County District Court, Ramsey County Court of Appeals, Ramsey County Supreme Court, and "Does 1 through 15." Doc. 1. (the Complaint).  In the Complaint, Plaintiff appears to seek monetary damages based on Defendants' alleged conduct related to Plaintiff's Minnesota family law case. *Id.* at 7-15.[1]  Contemporaneously, Plaintiff filed an Application to Proceed in

---

[1] Plaintiff states that "This action arises from discriminatory acts, destruction of documents, termination of a father-child relationship, remedial denial in excess of 100 occasions and

District Court without Prepaying Fees or Costs, which the Court construes as a motion to proceed *in forma pauperis*. Doc. 2 (the Motion).

As part of reviewing Plaintiff's Motion, the Court is obligated to review the Complaint and dismiss the case if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).[2] Although the Court must liberally construe Plaintiff's Complaint, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), it is under no duty to "rewrite" the Complaint. *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

Federal Rule of Civil Procedure 8(a) provides that a pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although *pro se* litigants are entitled to a liberal construction of their pleadings, they are still required to conform to the procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (discussing Federal Rule of Civil Procedure 4(c)) (citation omitted).

---

retaliation against African and Native American Christopher Gary Baylor since October 4, 2017 in Minneapolis and St. Paul, Minnesota." Doc. 1 at 1.

[2] The statute governing proceedings *in forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam).

Here, Plaintiff failed to conform to the procedural rules and stated no facts that would give rise to a substantive claim. Indeed, Plaintiff failed to provide a short and plain statement of the grounds for the Court's jurisdiction and failed to provide a short and plain statement containing factual matter sufficient to show that Plaintiff is entitled to relief. Plaintiff did include approximately six pages of sentences ostensibly related to jurisdiction and venue. *See* Doc. 1 at 1-6. However, it is not clear from the Complaint why this Court has personal jurisdiction over Defendants, who are all alleged to be Minnesota state courts or employees thereof. *Id.* at 7. In addition, venue in this Court appears to be incorrect: there is no apparent connection between this action and the Orlando Division of the Middle District of Florida. Indeed, the actions giving rise to this case appear to have occurred in Minnesota. Thus, if re-filed, this case should not be brought in the Orlando Division of the Middle District of Florida.

Further, while Plaintiff appears to be attempting to assert various causes of action based on "violation of civil rights" pursuant to 42 U.S.C. § 1983 and various Amendments to the United States Constitution, Plaintiff does not allege sufficient facts to demonstrate that he is entitled to relief. Rather, Plaintiff appears to take issue with some Minnesota state court decisions related to a family law issue and generally alleges that Defendants (those courts or their employees) purposely disconnected his phone calls, placed him on hold for extended periods of time, stated that his relationship with his daughter was "insignificant," lost or rejected his filings, "spoilated [his] legal documents," and otherwise treated him unfairly. *See generally* Doc. 1.

The undersigned notes that this is the second time Plaintiff has filed a complaint with this Court pertaining to these particular proceedings in Minnesota; in 2019 this Court dismissed a similar motion to proceed *in forma pauperis* filed contemporaneous to a similar complaint – against a Minnesota state court judge – which was also dismissed. *See* Case No. 6:19-cv-01492-

- 3 -

CEM-GJK, Docs. 1, 5, 7.  The undersigned also notes that it is not entirely clear from the face of the Complaint whether this matter has been – or is currently being – litigated in Minnesota state court.  As such, it may be appropriate for a federal court to abstain from further consideration even if subject matter jurisdiction existed.  However, the lack of information in the Complaint prevents the undersigned from opining further on that issue.

In most cases, the Court will provide a *pro se* litigant at least one opportunity to amend a pleading prior to a dismissal with prejudice and a closure of the case.  However, given the fact that it appears that the Complaint is wholly insubstantial and frivolous, that the Court lacks subject matter jurisdiction over the claim, that the Court lacks personal jurisdiction over the Defendants, and that this action was filed in an incorrect venue, it is it is **RESPECTFULLY RECOMMENDED** that the Court **DENY** the Motion (Doc. 2), **DISMISS** the Complaint, and **DIRECT** the Clerk of Court to close this case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 2, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy