UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRISTOPHER GARY BAYLOR,**

      **Plaintiff,**

v.                                          **Case No:  6:20-cv-342-Orl-41DCI**

**HENNEPIN COUNTY DISTRICT
COURT,  RAMSEY COUNTY COURT
OF APPEALS, RAMSEY COUNTY
SUPREME COURT, and DOES 1
THROUGH 15,**

      **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Motion," Doc. 2), which the Court construes as a motion to proceed *in forma pauperis*. For the reasons set forth below, the Motion will be denied and this case will be dismissed.

The Court referred Plaintiff's Motion to United States Magistrate Judge Daniel C. Irick. The Court then entered an Order (Doc. 3), striking Plaintiff's original Complaint (Doc. 1) for failure to comply with Federal Rule of Civil Procedure 5.2(a)(3). Plaintiff timely filed an Amended Complaint (Doc. 4) on March 2, 2020, which was substantively the same as his original Complaint but which was properly redacted under Rule 5.2(a)(3). That same day, United States Magistrate Judge Daniel C. Irick issued a Report and Recommendation ("Original R&R," Doc. 5), recommending that the Court deny Plaintiff's Motion on grounds that he failed to state a claim or to establish proper venue. (Doc. 5 at 3–4). In the Original R&R, Judge Irick inadvertently cited to Plaintiff's initial Complaint. (Doc. 5 at 1, 3–4). On March 16, 2020, Plaintiff filed an Objection

(Doc. 6) to the Original R&R. Shortly thereafter, Judge Irick issued a Corrected Report and Recommendation ("Corrected R&R," Doc. 8), properly citing to the Amended Complaint. The Court construes Plaintiff's Objection to the Original R&R as an objection to the Corrected R&R.[1]

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's report and recommendation concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff urges the Court to reject the Corrected R&R, arguing that Judge Irick erred in finding that Plaintiff failed to state a claim and to establish venue. (*See generally* Doc. 6). The Court disagrees. The Federal Rules of Civil Procedure require that every pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that each averment "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Plaintiff does not comply with either of these Rules. Indeed, the Amended Complaint offers no factual content from which the Court could reasonably infer that Plaintiff is entitled to relief against the Defendants.

---

[1] Plaintiff also filed a Motion to Take Judicial Notice (Doc. 10), which appears to be additional objections to the R&Rs. However, because it was not timely filed, the Court need not consider it. Nevertheless, nothing in the Motion to Take Judicial Notice changes the analysis herein.

Furthermore, Plaintiff fails to provide the Court with any guidance as to venue. In the Amended Complaint, he asserts that venue is proper under 28 U.S.C. § 1391(3),[2] but fails to present the Court with facts to support that assertion. Now, in his Objection to the Corrected R&R, Plaintiff contends that venue is proper under both § 1391(b)(2)[3] and (3). Specifically, he argues that venue is "appropriate under § 1391(b)(3) since there is no district in which [this] action may otherwise be brought." (Doc. 6 at 14 (citations omitted)). However, aside from quoting the language of the statute, Plaintiff supplies the Court with no facts to support his argument.

Plaintiff also claims that venue is proper § 1391(b)(2) because Defendant's "tortious" acts caused him injury. (*Id.*). But the Amended Complaint lacks facts to suggest that Defendants caused injury to Plaintiff in Florida, much less in the Middle District.[4] In any event, where Plaintiff's injury occurred is only one factor that courts consider when determining whether a substantial part of the events giving rise to a claim occurred in this district, as required to establish venue under § 1391(b)(2). *TMJ Practice Mgmt. Assocs., Inc. v. Curran*, No. 16-81903-CIV, 2017 WL 3130421, at *5 (S.D. Fla. July 24, 2017).

As Judge Irick correctly observed, "there is no apparent connection between this action and the Orlando Division of the Middle District of Florida." (Doc. 8 at 3). Indeed, the introduction of the Amended Complaint explicitly states that Plaintiff's case arises from actions taken against him "in Minneapolis and St. Paul, Minnesota." (Doc. 4 at 1). Thus, after a *de novo* review of the

---

[2] Section 1391(b)(3) provides that if there is no district in which an action may otherwise be brought, a civil action may be brought a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

[3] Section 1391(b)(2) provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]"

[4] For example, Plaintiff does not allege that Defendants committed tortious acts against him while he was residing in Florida. Additionally, Plaintiff has not explained why there is no other district in which this action can be brought.

record, the Court agrees with Judge Irick's analysis. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Corrected Report and Recommendation (Doc. 8) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. 2) is **DENIED**.

3. The Amended Complaint (Doc. 4) is **DISMISSED** without leave to amend.

4. The Report and Recommendation (Doc. 5) is **DEEMED moot**.

5. Plaintiff's Motion to Take Judicial Notice (Doc. 10) is **DENIED** insofar as it asserts objections to the R&Rs and is otherwise **DENIED as moot**.

6. Plaintiff's Motion for Demand of Expedited Hearing is **DENIED as moot**.

7. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on May 19, 2020.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party